**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**RICKY SALAZAR,**

      Plaintiff,

v.                                          **CIVIL ACTION NO.: 3:14-CV-23
(JUDGE GROH)**

**ERIC HOLDER, Attorney General;
CHARLES E. SAMUELS, JR., BOP Director;
FEDERAL BUREAU OF PRISONS;
TERRY O'BRIEN, Warden;
CAL SMITH, Senior Correctional Officer, USP Hazelton;
BRYAN KUNKLE, Correctional Officer, USP Hazelton;
NATHAN VAIL, Senior Officer, USP Hazelton;
CODY HELMS, Senior Officer, USP Hazelton;
ROMEO BONE, Senior Officer Specialist, USP Hazelton;
LT. MICHAEL SPOLAN, USP Hazelton; and
MEDICAL STAFF, USP Hazelton.**

      Defendants.

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the report and recommendation of United States Magistrate Judge James E. Seibert. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation. On October 27, 2014, Magistrate Judge Seibert conducted an initial review and filed his report and recommendation ("R&R"). ECF 37. In that filing, he made the following recommendations: that this Court grant the Defendants' motion to dismiss or, in the alternative, for summary judgment, [ECF 25]; deny and dismiss with prejudice the Plaintiff's complaint, [ECF 1]; and deny as moot the Plaintiff's *pro se* motion to preclude

summary judgment, [ECF 33], and motion requesting documents, [ECF 35].

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of a magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of a magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and of a plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days after being served with a copy of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The Plaintiff was served with the R&R on November 3, 2014. The Plaintiff timely filed his objections on November 12, 2014. Accordingly, the Court will undertake a de novo review of those portions of Magistrate Judge Seibert's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

### I. Background

**A.   Factual Background**

The Plaintiff alleges that on June 3, 2011 multiple staff members at United States Penitentiary Hazelton entered the Plaintiff's cell, threw him on the ground and beat him. According to the Plaintiff, Senior Officer Cal Smith ("Smith") choked him, kicked him, punched him in the back and squeezed his wind pipe. The Plaintiff states that Smith

shoved his fingers down the Plaintiff's throat "with extreme force and by intrusive force." At the same time, Officer Bryan Kunkle ("Kunkle") kicked him and twisted his leg, while some of the other above-named officers watched the beating. As a result of this incident, the Plaintiff alleges his legs, back, neck and throat were in severe pain and he could not swallow for a month.

The Plaintiff asserts the officers' actions amounted to excessive force in violation of his Eighth Amendment rights and violated Bureau of Prisons ("BOP") policy. Specifically, the Plaintiff argues prison officials violated "BOP Program Statement # 5521.05, pg. # 3, Sec. 2(c)." The cited provision of the pertinent BOP Program Statement, titled "Digital or Simple Instrument Search," states that inspection for contraband or another foreign item in an inmate's body cavity by fingers or other simple instruments "may be conducted only by designated qualified health personnel . . . upon approval of the Warden."

The Defendants state that Smith and Kunkle went to the Plaintiff's cell on June 3, 2011 with instructions to perform a search. According to the Defendants, as soon as the Plaintiff's cell door opened the Plaintiff turned his back to Smith and Kunkle, removed an object from his pocket and placed the object in his mouth. Smith and Kunkle grabbed the Plaintiff, placed him on the ground and attempted to restrain his arms. The Plaintiff struggled to get out from under Smith, kicking and punching at the officers. During the struggle, Smith saw a large bulge in the Plaintiff's cheek and what looked to be the corner of a plastic bag sticking out of the Plaintiff's mouth. Smith told the Plaintiff to spit the object out and used his middle and index fingers to "sweep" the front of the Plaintiff's mouth. The Plaintiff continued to struggle and bit Smith's fingers. Smith was eventually able to grab the corner of the plastic bag and remove it from the Plaintiff's mouth. The bag contained

seventeen individual packets of heroin. Other officers arrived and restrained the Plaintiff. The Defendants contend that the Plaintiff had only superficial wounds, and that after receiving treatment for a headache and lower arm pain on June 4, 2011, he did not complain of any additional injuries. Smith stated that he suffered a herniated vertebrae as a result of the struggle with the Plaintiff, an injury that required surgery and resulted in his medical retirement from the BOP in 2012.

### B. Procedural History

The Plaintiff initiated this action by filing a complaint against the above-named Defendants, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), on February 21, 2014. On the same day, a notice of deficient pleading and a notice of the general guidelines for appearing *pro se* in federal court were mailed to the Plaintiff. On March 5, 2014, the Plaintiff corrected the deficiencies in his complaint and filed the appropriate court-approved forms.

On August 29, 2014, the Defendants filed their motion to dismiss or, in the alternative, for summary judgment. On September 2, 2014, Magistrate Judge Seibert issued notice pursuant to the requirements established in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (per curiam), advising the *pro se* Plaintiff of his right to file a response. The Plaintiff responded to the Defendants' motion on September 8, 2014, through a *pro se* motion to preclude summary judgment. On September 25, 2014, he filed a motion captioned "Information Requested," in which he requested a medical evaluation and drug lab reports from the FBI and the DEA. On September 30, 2014, he filed a *pro se* sworn affirmation to his motion to preclude summary judgment. On October 27, 2014, Magistrate Judge Seibert issued his R&R.

The Plaintiff timely filed his objections to the R&R on November 12, 2014. He raises two specific objections to the R&R. First, the Plaintiff objects to the finding that the Plaintiff failed to exhaust the available administrative remedies as to all but one of his claims. The Plaintiff avers it would be improper to dismiss his complaint for failure to exhaust administrative remedies, because he was denied an opportunity to file the appropriate administrative documents. The Plaintiff argues that prison officials kept him in the Special Housing Unit ("SHU") and otherwise prevented him from filing for administrative review. Second, the Plaintiff objects to the conclusion that a prison official's violation of an administrative regulation does not, without more, equate to a constitutional violation. The Plaintiff argues that a violation of the regulation in question does amount to a constitutional violation, and therefore the Plaintiff is entitled to relief.

## II. Standard of Review

A responsive pleading captioned as a motion to dismiss or, in the alternative, as a motion for summary judgment puts all parties on notice that a court could construe the motion either way. Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 260 (4th Cir. 1998). Federal Rule of Civil Procedure 12 states that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, the Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). But a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

A complaint that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (citation and internal quotation marks omitted). Likewise, a complaint that tenders only "naked assertion[s] devoid of further factual enhancement," does not suffice. Id. (alteration in original) (citation and internal quotation marks omitted). A plaintiff is required to articulate facts that, when accepted as true, "show" he is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678 and Twombly, 550 U.S. at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when there is no genuine issue as to any material fact and the moving party is entitled to judgment in its favor as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 323-35; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

### III. Discussion

#### A. Failure to Exhaust Administrative Remedies

The Plaintiff objects to Magistrate Judge Seibert's finding that the Plaintiff failed to exhaust all available administrative remedies. The Plaintiff avers he was unable to exhaust administrative remedies because he was kept in the SHU. In his *pro se* sworn affirmation,

7

the Plaintiff makes a series of assertions about the Defendants impeding his access to administrative remedies, including allegations that certain BOP staff members hindered his efforts, withheld remedies and "covered up" their conduct. Magistrate Judge Seibert found these "naked assertions" to be both unsubstantiated and not credible.

A prisoner bringing an action concerning prison conditions under 42 U.S.C. § 1983 or any other federal law must have exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). Additionally, the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussie, 534 U.S. 516, 532 (2002). Exhaustion is mandatory and applies in Bivens actions. Porter, 534 U.S. at 524. Because exhaustion is a prerequisite to suit, a prisoner must have exhausted the available remedies before filing his complaint. Id. Exhaustion is required even if the relief the prisoner seeks is not available in grievance proceedings. Id.

Exhaustion of administrative remedies is not a jurisdictional requirement. See Jones v. Bock, 549 U.S. 199, 211-17 (2007). Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. Id. Although exhaustion of remedies is not a jurisdictional or pleading requirement, this determination "does not foreclose in all cases the possibility of a *sua sponte* dismissal on exhaustion grounds." Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005). Indeed, the "district court's authority to *sua sponte* dismiss an *in forma pauperis* case as frivolous [is] broad enough to permit the court to dismiss a complaint on the basis of an affirmative defense that [is] apparent from the facts alleged in the complaint." Id. at 682. Therefore, a district court may *sua sponte* dismiss an inmate's complaint that clearly shows

the inmate has not exhausted his administrative remedies.  Id.  Additionally, in the habeas context, a "district court has the authority to *sua sponte* raise an affirmative defense . . . as grounds for dismissal, so long as the court gives the petitioner an opportunity to respond."  Id.

The Bureau of Prisons has a four-step Administrative Remedy Program.  28 C.F.R. §§ 542.10-542.19.  An inmate must "first present an issue of concern informally to staff."  Id. § 542.13.  If he is not satisfied with the result of this step, he must submit "a formal written Administrative Remedy Request" on a BP-9 form.  Id. § 542.14(a).  The deadline for the informal complaint and BP-9 is twenty days from "the date on which the basis for the Request occurred."  Id.  The warden must answer the BP-9 within twenty days.  Id. § 542.18.  If the inmate is not satisfied with the warden's response, he must submit an appeal on a BP-10 form to the regional director within twenty days of the BP-9 response.  Id. § 542.15(a).  The regional director must respond within thirty days.  Id. § 542.18.  If the inmate is not satisfied with the response to the BP-10, he must appeal to the general counsel by filing a BP-11 form within thirty days of the BP-10 response.  Id. § 542.15(a).  The general counsel must respond within forty days.  Id. § 542.18.  An inmate exhausts his administrative remedies if he completes these steps.  Further, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  Id.

In this case, after carefully reviewing the record, the Court finds the Plaintiff failed to exhaust all available administrative remedies, excepting his claim concerning the BOP

Program Statement regarding digital or simple instrument searches.[1] There is no genuine dispute as to any material fact concerning the Plaintiff's allegations that the Defendants impeded his access to the grievance process.

Attached to their motion, the Defendants provide a series of declarations and inmate data, all serving to demonstrate the Plaintiff's failure to exhaust. In his objections to the R&R, the Plaintiff does not dispute this evidence, but instead contends that BOP staff members actively prevented him from exhausting administrative remedies. He does not provide, or even reference, any evidence in support of his allegations. Instead, he states that he was being held in the SHU for a period following the June 3, 2011 incident, and that he was in need of medical attention. In his *pro se* sworn affirmation, he claims–seemingly contradictorily–that the June 3, 2011 incident "was challenged timely under ADMIN REMEDY," and that "at times hindered [and] also COVERED UP by BOP STAFF, since Ricky Salazar was in SHU [and] at [t]imes ADMIN REMEDY WITH-HELD . . . impeding the process."

In his *pro se* sworn affirmation, the Plaintiff's account of how BOP staff prevented him from exhausting available administrative remedies is limited to naked assertions without any specificity or evidentiary support. The Plaintiff alleges a "cover up," but provides no details and no evidence of any such nefarious activity on the part of BOP personnel. The only evidence before the Court that could potentially shed light on these allegations is found in the declarations and BOP records provided by the Defendants.

---

[1] As Magistrate Judge Seibert noted in his R&R, even the BOP Program Statement claim could be found not to have been exhausted. However, as all parties have taken the position that the Plaintiff exhausted administrative remedies as to this claim, the Court will consider it exhausted and address the claim in the following section.

10

Contrary to the Plaintiff's accusations, these documents indicate that, while being held in the SHU after the incident, the Plaintiff was in contact with BOP staff and received attention regularly. From June to September of 2011, the Plaintiff received dental treatment, hepatitis treatment, and multiple "30-day SHU review" psychological reviews. Moreover, there is no indication the Plaintiff ever complained his access to the administrative grievance process was being impeded. The Plaintiff "bears the burden of establishing that an administrative remedy was unavailable." Patel v. Moron, 897 F. Supp. 2d 389, 398 (E.D.N.C. 2012) (quoting Graham v. Gentry, 413 F. App'x 660, 663 (4th Cir. 2011) (unpublished per curiam) ("[I]n order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure.")). From this evidence, no reasonable juror could find in the Plaintiff's favor.

The Plaintiff had an opportunity to respond to Magistrate Judge Seibert's recommendation that his claim be denied and dismissed, but the Plaintiff did not provide any additional information in support of his objection on this issue. The Plaintiff supplemented his argument only by claiming Supreme Court precedent has established that exhaustion of administrative remedies is not required when medical concerns are involved. No evidence supports the Plaintiff's claim that severe injuries prevented him from pursuing administrative remedies. Any care he did request was provided to him by BOP staff. The Plaintiff's claim on this issue fails as a matter of law and his objection is **OVERRULED**.

### B. Failure to State an Eighth Amendment Claim

The Plaintiff's other specific objection is to Magistrate Judge Seibert's conclusion that the alleged violation of a BOP Program Statement, without more, does not amount to a violation of the Plaintiff's constitutional rights. The Plaintiff argues that BOP staff members, including Smith, Kunkle, Officer Vail, Officer Bone and Officer Helms, violated multiple BOP policies when the plastic bag was removed from the Plaintiff's mouth. The Plaintiff avers the officers' conduct amounted to a cavity search, which under certain BOP policies may be conducted only by designated qualified health personnel. Because of these alleged violations, the Plaintiff requests that the Court set aside the R&R.

This claim–that Smith and others violated one or more BOP Program Statements–is the only fully exhausted claim the Plaintiff could potentially assert on the merits. However, even if Smith and the other officers violated a BOP Program Statement, the mere failure to comply with jail policy is not a constitutional violation. Smith v. Atkins, 777 F. Supp. 2d 955, 965 (E.D.N.C. 2011); see also Hovater v. Robinson, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation."). The officers' alleged failures, in not seeking approval from the warden and in not obtaining the services of qualified health personnel before removing the plastic bag from the Plaintiff's mouth, without more, do not amount to a violation of the Plaintiff's constitutional rights. And in the Plaintiff's sole exhausted claim, he alleged only the violation of the BOP Program Statement. The absence of a constitutional violation in this claim is more pronounced in light of the Plaintiff's relatively minor injuries and the medical treatment he received upon request in the days and weeks following June 3, 2011. See Sears v. Price, Civil Action No. 5:11-CT-3208-FL, 2014 WL 1266830, at *19 (E.D.N.C. Mar.

26, 2014) ("[A]ssuming plaintiff is correct and detention staff violated its own policies . . . the record reflects that medical staff provided plaintiff with continuous care for his medical and dental needs, and there is no constitutional violation."). Therefore, dismissal is appropriate and his objection on this issue is **OVERRULED**.

    **C.**    **Additional Issues**

        **1.**    **The Defendants' Qualified Immunity**

Within his objections to the R&R, the Plaintiff references certain Defendants' potential immunity from suit. In their motion to dismiss or, in the alternative, for summary judgment, the Defendants stated, "Assuming, *solely for the sake of argument*, that the Plaintiff's complaint could be construed to state a cognizable Bivens claim, these Defendants are shielded from suit by qualified immunity." In his R&R, Magistrate Judge Seibert concluded the Plaintiff's complaint did not state a cognizable Bivens claim. Consequently, he did not address the Defendants' qualified immunity argument. As detailed above, dismissal of the Plaintiff's complaint is appropriate, because in each asserted claim he either failed to exhaust administrative remedies or failed to state a valid constitutional violation. Therefore, it was not necessary for Magistrate Judge Seibert to analyze the Defendants' qualified immunity argument. To the extent the Plaintiff's statements concerning the qualified immunity of certain BOP staff members can be construed as an objection, it is **OVERRULED**.

        **2.**    **The Plaintiff's Motion Requesting Documents**

On September 25, 2014, the Plaintiff filed a document captioned "Information Requested," in which he requests a medical evaluation and the production of FBI and DEA

13

drug lab reports. This document was addressed to counsel for the Defendants, but docketed as a motion. Construing the *pro se* Plaintiff's filings liberally, this document may be interpreted as a motion under Federal Rule of Civil Procedure 56(d). Under Rule 56(d), when a nonmovant contesting summary judgment cannot present facts essential to justify his opposition, the Court may issue any appropriate order, including an order allowing time to take discovery. In establishing that essential facts are unavailable, the nonmovant must provide an affidavit or declaration specifying the reasons that he cannot present those essential facts. Fed. R. Civ. P. 56(d); see also Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995) (holding that a district court did not abuse its discretion in denying a request for additional discovery on certain issues, where the nonmovant failed to present particularly specific and legitimate needs for further discovery). A nonmovant's request for additional discovery should be denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 953 (4th Cir. 1995). In this case, the Plaintiff's motion offers a vague accusation regarding the BOP's history of "cover ups," but does not specify legitimate reasons warranting additional discovery. Additionally, the information he requests does not concern essential facts and does not relate to the Defendants' motion to dismiss or, in the alternative, for summary judgment. Accordingly, the Plaintiff's motion requesting documents is **DENIED**.

### 3. The Remainder of the Report and Recommendation

Upon careful consideration of the record, the parties' motions, and the R&R, the Court finds that Magistrate Judge Seibert committed no clear error with regard to the

portions of the R&R to which the Plaintiff filed no objections.

## IV. Conclusion

Accordingly, it is the opinion of this Court that Magistrate Judge Seibert's report and recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. The Plaintiff's objections are **OVERRULED**. The Court **ORDERS** that the Defendants' Motion to Dismiss or, in the alternative, for Summary Judgement, [ECF 25], is hereby **GRANTED**. The Court **ORDERS** that the Plaintiff's *Pro Se* Motion to Preclude Summary Judgement, [ECF 33], is **DENIED AS MOOT**, and the Plaintiff's Motion Requesting Documents, [ECF 35], is **DENIED**. The Court further **ORDERS** that the Plaintiff's Complaint, [ECF 1], be **DENIED** and **DISMISSED WITH PREJUDICE**, and that this matter be stricken from this Court's active docket.

The Clerk is **DIRECTED** to enter a separate order of judgment in favor of the Defendants.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Plaintiff by certified mail, return receipt requested, at his last known address as shown on the docket sheet.

**DATED**: February 11, 2015

GINA M. GROH
UNITED STATES DISTRICT JUDGE